

Scott T. Cliff, OSB #87191
scott@sclifflaw.com
The Law Office of Scott T. Cliff
5550 SW Macadam Avenue, Suite 220
Portland, OR 97239
Telephone: (503) 922-2071
Facsimile: (503) 419-6307

FILED '08 FEB 11 14:19 USDC-ORP

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| KULDEEP KANDOLA, | CV'08 - 172 HA |
| Plaintiff, | No. _____ |
| v. | **COMPLAINT** |
| GHOTRA, INC., an Oregon Corporation, | Fair Labor Standards Act, Overtime (29 USC § 201 *et seq*) |
| Defendant. | Oregon Overtime pay (ORS 653.261, OAR 839-020-0030) |
| | Fair Labor Standards Act, Retaliation (29 USC § 215(a)(3)) |
| | Oregon Overtime Retaliation (ORS 653.060) |
| | Oregon wage claim Retaliation (ORS 652.355), |
| | Oregon Wage Payment laws (ORS 652.140 *et seq*) |
| | Oregon Employment Discrimination laws, National Origin (ORS 659A.030, 659A.885) |
| | **DEMAND FOR JURY TRIAL** |

## PRELIMINARY STATEMENT

1.  Plaintiff, Kuldeep Kandola claims wages under federal and state law, specifically overtime under the Fair Labor Standards Act ("FLSA"), 29 USC § 207 and liquidated damages and attorneys' fees under 29 USC § 216(b) (Claim 1) and overtime pay under Oregon law, ORS 653.261, OAR 839-020-0030 (Claim 2).

Page 1 -COMPLAINT          19788

THE LAW OFFICE OF SCOTT T. CLIFF
5550 SW MACADAM AVE., SUITE 220
PORTLAND, OR 97238
PH: (503) 922-2071
FAX: (503) 419-6307
WWW.SCLIFFLAW.COM

2. Plaintiff also alleges unlawful retaliation under the FLSA, 29 USC § 215(a)(3)(Claim 3), and state wage claim retaliation laws, ORS 653.060 (Claim 4) and ORS 652.355 (Claim 5).

3. Plaintiff also alleges entitlement to penalty wages under ORS 652.150 for failure to pay all wages due at termination of employment pursuant to ORS 652.140, along with attorneys' fees under ORS 652.200 for collection of wages owed (Claim 6).

4. Plaintiff, who was born in India and is of Indian descent, also brings a claim pursuant to ORS 659A.885, alleging unlawful discrimination in terms and conditions of employment, including disparate treatment in how he was paid, because of his national origin in violation of ORS 659A.030 (Claim 7).

## JURISDICTION

5. Jurisdiction for overtime pay claims exists under the FLSA, 29 USC § 216(b) and under 28 USC § 1331 for claims involving a federal question of law, and under 28 USC § 1337 for claims arising under a federal statute regulating commerce.

6. The Court has supplemental jurisdiction under 28 USC § 1367 (a) over plaintiff's state claims which are so related to the federal claims as to form part of the same case or controversy under Article III of the United States Constitution.

## PARTIES

7. Plaintiff was employed by defendant from on or about April 24, 2007 to on or about January 10, 2008.

8. Defendant Ghotra, Inc. is and was at all times material hereto an Oregon corporation engaging in commerce and doing business in Multnomah County, Oregon, specifically as a franchisee of 7-Eleven, Inc., operating a convenience store at or about 11310

Page 2 -COMPLAINT

THE LAW OFFICE OF SCOTT T. CLIFF
5550 SW MACADAM AVE., SUITE 220
PORTLAND, OR 97238
PH: (503) 922-2071
FAX: (503) 419-6307
WWW.SCLIFFLAW.COM

NW St. Helens Road, in Portland. Harbhajan Ghotra ("Ghotra") is and was at all times material to these claims defendant's owner and President and acted as defendant's authorized agent.

## FACTS

9. Plaintiff worked for Defendant as a non-exempt employee, earning an hourly wage ranging from $9.25 when he started to $10.50 prior to the retaliatory conduct and constructive discharge alleged in more detail below.

10. Plaintiff was regularly scheduled to work, and with few exceptions did work, seven days per week, ten hours per shift, resulting in weekly total hours routinely equaling or exceeding 70.

11. Defendant paid plaintiff and other Indian employees utilizing a scheme designed to pay only an agreed hourly rate for every hour worked while appearing on paper to pay overtime pay at the lawful rate of 1.5 times the regular rate. He did so by instructing plaintiff and, on information and belief other Indian employees, not to clock in on the time clock, by fabricating written schedules which misrepresented actual schedules worked by employees, and by thereafter altering the hours worked and/or rates of pay of such employees to result in total pay equal to the agreed regular hourly rate for each hour actually worked.

12. In or about May or June of 2007, plaintiff asked Ghotra why plaintiff was not being paid overtime pay as required by law.

13. In response to plaintiff's questions about overtime pay, Ghotra explained to plaintiff that he paid employees under two different plans: one for "Indian" employees who, like plaintiff received more hours and were paid the hourly rate as agreed without overtime pay; and one for "American" employees who were given lower pay and fewer hours because they expected to be paid overtime pay when they worked more than forty hours per week.

THE LAW OFFICE OF SCOTT T. CLIFF
5550 SW MACADAM AVE., SUITE 220
PORTLAND, OR 97238
PH: (503) 922-2071
FAX: (503) 419-6307
WWW.SCLIFFLAW.COM

14. Because he needed the money, plaintiff begrudgingly acquiesced to the scheme for a while and continued to work seven shifts a week, ten hours per shift.

15. In or about July, 2007, after being told that his next check would contain a raise in pay and being disappointed when he received his check, plaintiff again complained to Ghotra that his pay was not what had been promised at the outset of employment and that he was entitled to be paid his overtime wages after forty hour per week. Defendant nevertheless continued its unlawful pay scheme.

16. In the months that followed, plaintiff continued to complain to Ghotra that he was not being paid overtime as required by law.

17. In November of 2007, in an effort to assure that he would be paid overtime pay as required by law, plaintiff began "clocking in" an "clocking out" each shift.

18. In response to plaintiff's conduct in accurately recording his hours, Ghotra reduced plaintiff's hourly rate retroactively and, for the first time, paid plaintiff overtime pay for almost all the hours he worked over forty per week—albeit at the retroactively reduced hourly rate.

19. On or about November 29, 2007, plaintiff again complained to Ghotra about his not having been paid holiday pay like "American" workers and about his hourly rate having been reduced in retaliation for insisting on overtime pay to which he was entitled by law.

20. In response to plaintiff's continued complaints about not being paid overtime and having his hourly wage reduced retroactively, Ghotra placed plaintiff on a "salary" and "bonus" which he explained was designed to again give plaintiff the agreed hourly rate of $10.50 for each of the 70 hours plaintiff was scheduled to work, *provided* that the "bonus" would be reduced or eliminated if plaintiff failed to work the full 70 hours.

Page 4 -COMPLAINT

THE LAW OFFICE OF SCOTT T. CLIFF
5550 SW MACADAM AVE., SUITE 220
PORTLAND, OR 97238
PH: (503) 922-2071
FAX: (503) 419-6307
WWW.SCLIFFLAW.COM

21.  Plaintiff complained to Ghotra that the new "salary" and "bonus" scheme continued to deny him the overtime pay to which he was entitled but still continued working for defendant because he desperately needed an income.

22.  On or about January 10, 2008, defendant, by and through Ghotra, informed plaintiff that his hours were being cut from 70 down to 30 per week and that plaintiff could quit if he did not like it.

23.  Under all of the circumstances then and there existing, including without limitation all the actions taken against him in retaliation for his having repeatedly asserted his right to overtime pay for hours worked in excess of forty per week, plaintiff had no reasonable alternative but to quit his employment with defendant and to seek other suitable employment.

24.  Despite written demand on behalf of plaintiff for payment of plaintiff's overtime wages owed at the termination of employment, defendant has failed and refused to pay plaintiff any such wages and has continued to withhold them willfully.

## CLAIMS FOR RELIEF

### (First Claim—FLSA Overtime Pay)

Plaintiff incorporates herein the allegations in paragraphs 1-24 and further alleges a follows:

25.  Pursuant to 29 USC § 207, plaintiff is entitled to receive a sum equal to 1.5 times his regular rate of pay for each and every hour worked in excess of forty (40) per week throughout his employment with defendant, which sum is equal to approximately $6,000 or such amount as may be established at trial.

26.  Pursuant to 29 USC § 216(b), plaintiff is entitled to a sum equal to the amount alleged in the preceding paragraph as liquidated damages.

Page 5 -COMPLAINT

THE LAW OFFICE OF SCOTT T. CLIFF
5550 SW MACADAM AVE., SUITE 220
PORTLAND, OR 97238
PH: (503) 922-2071
FAX: (503) 419-6307
WWW.SCLIFFLAW.COM

27. Also pursuant to 29 USC § 216(b), plaintiff is entitled to recover his reasonable attorneys' fees and costs incurred herein.

### (Second Claim—Oregon Overtime Pay)

Plaintiff incorporates herein the allegations in paragraphs 1-24 and further alleges a follows:

28. Pursuant to ORS 653.261 and OAR 839-020-0030, plaintiff is entitled to receive a sum equal to 1.5 times his regular rate of pay for each and every hour worked in excess of forty (40) per week throughout his employment with defendant, which sum is equal to approximately $6,000 or such amount as may be established at trial.

29. Pursuant to ORS 652.200, plaintiff is entitled to recover his attorneys' fees and costs incurred herein.

### (Third Claim—FLSA Overtime Claim Retaliation)

Plaintiff incorporates herein the allegations in paragraphs 1-24 and further alleges a follows:

30. Defendant's actions in altering the terms and conditions of plaintiff's employment in retaliation for plaintiff's complaints to defendant that plaintiff was not receiving overtime pay to which he was entitled by law constituted a violation of the FLSA, 29 USC § 215(a)(3).

31. Pursuant to 29 USC § 216(b), plaintiff is entitled to recover his actual lost wages plus an additional sum equal to such lost wages, which damages continue to accrue such that their totality remains uncertain.

32. In addition to such actual lost wages and liquidated damages, and also pursuant to 29 USC § 216(b), plaintiff is entitled to such additional legal and equitable relief as the court

Page 6 -COMPLAINT

THE LAW OFFICE OF SCOTT T. CLIFF
5550 SW MACADAM AVE., SUITE 220
PORTLAND, OR 97238
PH: (503) 922-2071
FAX: (503) 419-6307
WWW.SCLIFFLAW.COM

determines appropriate to effectuate the purposes of 29 USC § 215(a)(3), including without limitation front pay.

33. Also pursuant to 29 USC § 216(b), plaintiff is entitled to recover his reasonable attorneys' fees and costs incurred herein.

### (Fourth Claim—Oregon Overtime Retaliation)

Plaintiff incorporates herein the allegations in paragraphs 1-24 and further alleges a follows:

34. Defendant's actions in altering the terms and conditions of plaintiff's employment in retaliation for plaintiff's complaints to defendant that plaintiff was not receiving overtime pay to which he was entitled by law constituted a violation of ORS 653.060.

35. Pursuant to ORS 659A.885(1) and (4), plaintiff is entitled to recover his actual lost wages plus compensatory damages or $200, whichever is greater, along which his reasonable attorney's fees and costs herein.

### (Fifth Claim—Oregon Wage Claim Retaliation)

Plaintiff incorporates herein the allegations in paragraphs 1-24 and further alleges a follows:

36. Defendant's actions in altering the terms and conditions of plaintiff's employment in retaliation for plaintiff's complaints to defendant that plaintiff was not receiving pay, including overtime pay and holiday pay, to which he was entitled by law constituted a violation of ORS 652.355.

37. Pursuant to ORS 659A.885(1) and (4), plaintiff is entitled to recover his actual lost wages plus compensatory damages or $200, whichever is greater, along which his reasonable attorney's fees and costs herein.

THE LAW OFFICE OF SCOTT T. CLIFF
5550 SW MACADAM AVE., SUITE 220
PORTLAND, OR 97238
PH: (503) 922-2071
FAX: (503) 419-6307
WWW.SCLIFFLAW.COM

### (Sixth Claim—Failure to Pay All Wages Due Upon Termination of Employment)

Plaintiff incorporates herein the allegations in paragraphs 1-24 and further alleges a follows:

38. Defendant's failure to pay plaintiff all wages owed, including overtime pay, constituted a violation of ORS 652.140.

39. Defendant's failure to pay plaintiff wages due when required by ORS 652.140 was willful.

40. Because plaintiff continued to withhold wages owed upon termination of employment for more than 30 days after such wages were due and after receiving written demand for such wages, plaintiff is entitled to statutory penalty wages in the some of $2,520, or such sum as may be established at trial, pursuant to ORS 652.150.

41. Plaintiff is entitled to recover his reasonable attorneys' fees and costs incurred herein pursuant to ORS 652.200.

### (Seventh Claim—National Origin Discrimination)

Plaintiff incorporates herein the allegations in paragraphs 1-24 and further alleges a follows:

42. Defendant's pay and scheduling scheme was based expressly on the national origins of defendant's employees.

43. Defendant's disparate treatment of plaintiff, up to and including constructively discharging plaintiff, because plaintiff was Indian and because he refused to follow defendant's unlawful "Indian" pay scheme violated ORS 659A.030.

Page 8 -COMPLAINT

THE LAW OFFICE OF SCOTT T. CLIFF
5550 SW MACADAM AVE., SUITE 220
PORTLAND, OR 97238
PH: (503) 922-2071
FAX: (503) 419-6307
WWW.SCLIFFLAW.COM

44. Pursuant to ORS 659A.885 (3), as amended by HB 2260 (2007), plaintiff is entitled to recover damages, including compensatory damages caused by defendant's violation of ORS 659A.030.

45. Defendant acted with malice or showed a reckless and outrageous indifference to a highly unreasonable risk of harm and acted with conscious indifference to the health, safety and welfare of others, including plaintiff, by discriminating against plaintiff in terms and conditions of employment and by constructively discharging plaintiff because of his national origin so as to entitle plaintiff to punitive damages pursuant to ORS 659A.885 (3), as amended by HB 2260 (2007).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment as follows:

1. Declaring that defendant has violated the FLSA by failing to pay plaintiff overtime wages as alleged and awarding plaintiff his actual wages owed, plus liquidated damages in an equal amount, along with plaintiff's costs and attorneys' fees herein;

2. Declaring that defendant has violated ORS 653.261 and OAR 839-020-0030 by failing to pay plaintiff overtime wages as alleged and awarding plaintiff his actual wages owed, plus plaintiff's costs and attorneys' fees herein;

3. Declaring that defendant has violated the FLSA, 29 USC § 215(a)(3) by retaliating against plaintiff for making a complaint for overtime wages as alleged and awarding plaintiff his actual lost wages owed, plus liquidated damages in an equal amount, plus plaintiff's costs and attorneys' fees herein and such other additional legal and equitable relief as the court determines appropriate to effectuate the purposes of 29 USC § 215(a)(3), including without limitation front pay;

THE LAW OFFICE OF SCOTT T. CLIFF
5550 SW MACADAM AVE., SUITE 220
PORTLAND, OR 97238
PH: (503) 922-2071
FAX: (503) 419-6307
WWW.SCLIFFLAW.COM

...

4.  Declaring that defendant has violated ORS 653.060 by retaliating against plaintiff for making a complaint that he was not receiving overtime wages pay as alleged and awarding plaintiff his actual wages owed plus compensatory damages or $200, whichever is greater, along with his reasonable attorney's fees and costs herein;

5.  Declaring that defendant has violated ORS 652.355 by retaliating against plaintiff for making a complaint that he was not receiving wages as alleged, including overtime pay and holiday pay, and awarding plaintiff his actual wages owed plus compensatory damages or $200, whichever is greater, along with his reasonable attorney's fees and costs herein;

6.  Declaring that defendant has violated ORS 652.140 by failing to pay plaintiff wages owed at the termination of employment and awarding plaintiff such wages, along with penalty wages in the sum of $2,520, or such sum as may be established at trial, plus plaintiff's costs and attorneys' fees herein; and

7.  Declaring that defendant has violated ORS 659A.030 by discriminating against plaintiff in terms and conditions of employment, up to and including constructively discharging plaintiff, based on plaintiff's national origin as alleged, and awarding plaintiff his actual damages, compensatory damages, and punitive damages, along with his reasonable attorney's fees and costs herein;

Respectfully submitted this 11th day of February, 2008, by:

THE LAW OFFICE OF SCOTT T. CLIFF

By: _____
Scott T. Cliff, OSB # 87191
Trial Attorneys for Plaintiff

Page 10 - COMPLAINT

THE LAW OFFICE OF SCOTT T. CLIFF
5550 SW MACADAM AVE., SUITE 220
PORTLAND, OR 97238
PH: (503) 922-2071
FAX: (503) 419-6307
WWW.SCLIFFLAW.COM